UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AALIYAH ZAKAT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HIGHLINE SCHOOL DISTRICT,<br><br>　　　　　Defendant. | CASE NO. C13-0010JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL COURT DOCKET AND DENYING PLAINTIFF'S THIRD MOTION FOR RECONSIDERATION |

## I.　INTRODUCTION

Before the court are Plaintiff Aaliyah Zakat's (1) motion to seal the entire docket with respect to this proceeding (Dkt. # 22) and (2) third motion for reconsideration (Dkt. # 23). Having reviewed Plaintiff's motions, the record, and the applicable law, the court GRANTS in part and DENIES in part Ms. Zakat's motion to seal and DENIES Ms. Zakat's third motion for reconsideration.

//

//

ORDER- 1

## II.   ANALYSIS

### A.  Motion to Seal

Ms. Zakat asks the court to seal "all documents pertaining to this case." (Mot. to Seal (Dkt. # 22) at 1.) Ms. Zakat asserts that she "will not accept this court record involving a minor child to be displayed to the general public." (*Id.*) Federal Rule of Civil Procedure 5.2 requires that "in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor, . . . a party . . . making the filing may include only . . . the minor's initials . . . ." Fed. R. Civ. P. 5.2 (a)(3); *see also* Local Rules W.D. Wash. LCR 5.2(a)(2) (stating that parties shall redact the names of minor children "to the initials"). Unfortunately, Ms. Zakat filed her complaint in violation of this rule. The court notes that although Ms. Zakat's complaint does not contain the name of the minor child (*see* Dkt. ## 1-1, 4), the exhibit to her complaint does in at least two places (*see* Dkt. ## 1-2 at 16, 24; 4-1 at 16, 24). Accordingly, the court will grant in part Ms. Zakat's motion to seal, as follows:  The court orders Ms. Zakat to file a copy of the exhibit to her complaint with the name of the minor child (and nothing more) redacted within seven days of the date of this order. Following receipt of the redacted version of the exhibit, the court will order the clerk to seal docket numbers 1-2 and 4-1, both of which are copies of the unredacted exhibit.

The court, however, denies Ms. Zakat's motion to seal to the extent that she seeks the sealing of all documents on the docket. Under the court's Local Rules, "[t]here is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). To rebut this presumption, a party must file a motion that includes:

ORDER- 2

1     (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under
2         seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification
3         must list the date, manner, and participants of the conference.

4     (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from
5         declarations where necessary.

6 Local Rules W.D. Wash. LCR 5(g)(3). Thus, the burden is on the moving party to come

7 forward with an applicable legal standard justifying the sealing of the documents at issue

8 and to produce evidentiary support showing that the standard is met. *See id.*

9       Ms. Zakat's motion does not comply with Local Rule LCR 5(g)(3)(A) or (B). Ms.

10 Zakat has not given any indication that she has met and conferred with Defendant to

11 discuss any of the topics listed in Local Rule LCR 5(g)(3)(A). (*See* Mot.) As a result,

12 Ms. Zakat also has not listed the date, manner, or participants in the conference. (*See id.*)

13 Ms. Zakat also has not provided a "specific statement of the legal standard and the

14 reasons for keeping [the] document[s] under seal." *See* Local Rules W.D. Wash.

15 LCR 5(g)(3). Accordingly, the court denies Ms. Zakat's motion to seal to the extent she

16 seeks to place all documents on the docket under seal.

17     **B. Motion for Reconsideration**

18       Ms. Zakat has once again asked the court to reconsider its ruling on subject matter

19 jurisdiction. (Mot. to Recon. (Dkt. # 23).) On March 11, 2013, the court entered an order

20 dismissing this action without prejudice for lack of subject matter jurisdiction. (3/11/13

21 Order (Dkt. # 11).) On March 20, 2013, Ms. Zakat filed a motion (Dkt. # 15), which the

22 court construed as a motion for reconsideration of its March 11, 2013, order (*see* 4/11/13

1 | Order (Dkt. # 16) at 1).  In response to Ms. Zakat's motion, the court called for additional
2 | submissions by the parties with respect to subject matter jurisdiction.  (*See generally id.*)
3 | Ms. Zakat failed to timely file additional documentation or materials regarding subject
4 | matter jurisdiction as required by the court.  (*See generally* 4/24/13 Order (Dkt. # 18).)
5 | Accordingly, the court denied her motion for reconsideration and dismissed her action
6 | without prejudice for lack of subject matter jurisdiction.  (*Id.* at 3.)  Ms. Zakat then filed
7 | two more motions "for clarification" and "for jurisdictional submission" (*see* Dkt. ## 19,
8 | 20), which the court liberally construed together as a motion for reconsideration of its
9 | April 24, 2013, order.  (*See* 5/7/13 Order (Dkt. # 21) at 1.)  The court denied these
10 | motions as well.  (*See generally id.*)  Ms. Zakat has now filed a third motion for
11 | reconsideration of the court's ruling on subject matter jurisdiction.

12 |       Motions for reconsideration are disfavored.  Local Rules W.D. Wash. LCR
13 | 7(h)(1).  The court will ordinarily deny such motions in the absence of a showing of
14 | manifest error in the prior ruling or a showing of new facts or legal authority which could
15 | not have been brought to its attention earlier with reasonable diligence.  *Id.*  Ms. Zakat
16 | has provided nothing new in her present motion for reconsideration.  (*See generally* Mot.
17 | to Recon.)  She has failed to make either showing required under the court's Local Rules,
18 | and accordingly, the court denies her motion for reconsideration.[1]

---

[1] In addition, a motion for reconsideration must be brought within fourteen days of the date of the order to which it relates.  Local Rules W.D. Wash. LCR 7(h)(2).  The court's last order was dated May 7, 2013.  (*See* 5/7/13 Order.)  Ms. Zakat's motion was not filed until May 24, 2013—more than 14 days later.  Accordingly, Ms. Zakat's failure to timely file her motion provides a second basis for the court's ruling denying her motion.  *See* Local Rules W.D. Wash.

Finally, due in part to Ms. Zakat's *pro se* status, the court has endeavored to patiently and repeatedly explain in detail the basis for its rulings on subject matter jurisdiction and on Ms. Zakat's motions for reconsideration. (*See, e.g.*, 3/11/13 Order; 4/11/13 Order; 4/24/13 Order; 5/7/13 Order.) There is, however, no basis in the Federal Rules of Civil Procedure or in the court's Local Rules for multiple motions for reconsideration with respect to the same ruling. The court, therefore, warns Ms. Zakat that further motions for reconsideration with respect to its ruling on subject matter jurisdiction may subject her to the entry of sanctions, including monetary sanctions, by the court.

### III.   CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part Ms. Zakat's motion to seal (Dkt. # 22), and DENIES her motion for reconsideration (Dkt.# 23). The court further warns Ms. Zakat that the filing of additional motions for reconsideration of the court's ruling on subject matter jurisdiction may result in the court's imposition of sanctions as described above.

Dated this 30th day of May, 2013.

JAMES L. ROBART
United States District Judge

---

LCR 7(h)(2) ("Failure to comply with this subsection may be grounds for denial of the motion.").